IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

STEVEN SETH SCOTT                                                                PLAINTIFF

v.                              Civil No. 06-5161

TERRY JONES, Prosecuting
Attorney, Washington County,
Arkansas; TIMOTHY F.
SNIVELY, Attorney; CRISTI
RENEE BEAUMONT, Public
Defender; and JUDGE WILLIAM
A. STOREY, Fourth Judicial District
Washington County, Arkansas                                                      DEFENDANTS

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff's complaint was filed in the Eastern District of Arkansas on August 10, 2006. An order transferring the case to this district was entered on August 23, 2006, and the file received on August 28, 2006. Before the undersigned is the issue of whether the complaint should be served.

**BACKGROUND**

Scott is currently incarcerated in the Carroll County Detention Facility. He alleges his constitutional rights were violated by his prosecution on criminal charges.

Scott indicates he was arrested on April 7, 2004, and charged with being an accomplice to arson. Scott indicates his family retained attorney Timothy F. Snively to represent Scott in connection with the accomplice charge.

-1-

Scott indicates he was later charged with terroristic threatening. The court appointed Cristi Beaumont to represent him on this charge. Scott informed Beaumont he wanted a new attorney. However, Beaumont indicated the court would not allow that.

Scott maintains both Snively and Beaumont failed to adequately represent him and that it was error for the two attorneys to share information without his consent. Scott additionally maintains it was error for the prosecuting attorney's office to supply discovery in both cases to both attorneys.

Scott states he was sentenced under a Y felony. However, Scott alleges he was told arson was only a Y felony if the property sustained damage in the amount of at least $100,000. Scott alleges he was never shown anything establishing property damages in this amount. Instead, Scott states the only thing he knew was the insurance company stated that the loss was $96,189.89.

As relief, Scott asks that his sentence be corrected. He also seeks monetary damages and wants the attorneys disciplined.

## DISCUSSION

Scott's claims are subject to dismissal. First, Terry Jones, the prosecuting attorney for Washington County, is immune from suit. The United States Supreme Court, in *Imbler v. Pachtman*, 424 U.S. 409, 431, 96 S. Ct. 984, 995, 47 L. Ed. 2d 128 (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case." *Id.*, 424 U.S. at 427. This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id.*, 424 U.S. at 430. *See also Buckley v. Fitzsimmons*, 509 U.S. 259, 113 S. Ct. 2606, 2615, 125

L. Ed. 2d 209 (1993)(Prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity while a prosecutor acting in an investigatory or administrative capacity is only entitled to qualified immunity). Based on the allegations of the complaint, it is clear Terry Jones is entitled to absolute immunity. *See also Brodnicki v. City of Omaha*, 75 F.3d 1261 (8th Cir. 1996)(County prosecutors were entitled to absolute immunity from suit).

To the extent Scott's complaint seeks injunctive relief, we find the claim not cognizable. While the Supreme Court has not held that this immunity insulates prosecutors from declaratory or injunctive relief, *see Pulliam v. Allen*, 466 U.S. 522, 104 S. Ct. 1970, 80 L. Ed. 2d 565 (1984), a plaintiff must show some substantial likelihood that the past conduct alleged to be illegal will recur. Scott can make no such showing here. Further, injunctive relief is not appropriate where an adequate remedy under state law exists. *Id.*, 466 U.S. at 542 & n.22. *See also Bonner v. Circuit Court of St. Louis,* 526 F.2d 1331, 1336 (8th Cir. 1975).

Second, Timothy Snively and Cristi Beaumont are not subject to suit under § 1983. A § 1983 complaint must allege that each defendant, acting under color of state law, deprived plaintiff of "rights, privileges or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. *DuBose v. Kelly*, 187 F.3d 999 (8th Cir. 1999). An attorney does not act under color of state law while representing a client. *Polk County v. Dodson*, 454 U.S. 312, 318, 102 S. Ct. 445, 70 L. Ed. 2d 509 (1981) (public defender does not act under color of state law when performing traditional functions as counsel); *DuBose v. Kelly*, 187 F.3d 999 (8th Cir. 1999)("[C]onduct of counsel generally does not constitute action under color of law."); *Dunn v. Hackworth*, 628 F.2d 1111, 1112 (8th Cir. 1980)("The actions of privately retained counsel are not considered state action and therefore cannot form the basis of a § 1983 claim.").

Third, William A. Storey, a Washington County District Judge, is immune from suit. *Mireles v. Waco*, 502 U.S. 9, 11, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991)("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."). *See also Duty v. City of Springdale,* 42 F.3d 460, 462 (8th Cir. 1994). "Judges performing judicial functions enjoy absolute immunity from § 1983 liability." *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356-57, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978).

Judicial immunity is overcome in two situations: (1) if the challenged act is non-judicial; and (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11. It is clear that neither situation applies here.

In the past, claims for declaratory and injunctive relief "have been permitted under 42 U.S.C. § 1983 against judges acting in their official capacity." *Nollet v. Justices of Trial Court of Com. of Mass.*, 83 F. Supp. 2d 204, 210 (D. Mass. 2000), *aff'd without op.,* 248 F.3d 1127 (1st Cir. 2000)(*citing Pulliam v. Allen,* 466 U.S. 522, 104 S. Ct. 1970, 80 L. Ed. 2d 565 (1984)). "However, in 1996 Congress passed the Federal Courts Improvement Act ("FCIA"), Pub. L. No. 104-317, Title III § 309(c), 110 Stat. 3847, 3853, which legislatively reversed *Pulliam* in several important respects." *Nollet*, 85 F. Supp. 2d at 210. As amended by the FCIA § 1983 now precludes injunctive relief against a judicial officer "for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Scott does not allege that either of these prerequisites for injunctive relief are met. *See e.g., Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999)(holding injunctive relief against a quasi-judicial official is barred if the plaintiff fails to allege a violation of a declaratory decree or the unavailability of declaratory relief); *Fox v. Lee*, 99 F. Supp. 2d 573, 575-576 (E.D. Pa. 2000)(claim for injunctive relief dismissed where plaintiff's complaint fails to allege that either of the prerequisites to injunctive relief were met); *Ackermann v. Doyle*, 43 F. Supp. 2d 265, 273 (E.D. N.Y. 1999)(dismissing action against judicial officers because plaintiff failed to allege that a declaratory decree was violated or the declaratory relief was unavailable). Thus, to the extent Scott seeks injunctive relief his claims are subject to dismissal.

Furthermore, to be entitled to equitable relief, "plaintiff must show that he has an inadequate remedy at law and a serious risk of irreparable harm." *Mullis v. U.S. Bankruptcy Court for Dist. of Nevada*, 828 F.2d 1385, 1392 (9th Cir. 1987)(citations omitted). Equitable relief is not appropriate where an adequate remedy under state law exists. *Pulliam,* 466 U.S. at 542 & n. 22, 104 S. Ct. at 1981 & n. 22. *See also Sterling v. Calvin*, 874 F.2d 571, 572 (8th Cir. 1989). An adequate remedy at law exists when the acts of the judicial officer can be reviewed on appeal or by extraordinary writ. *Mullis*, 828 F.2d at 1392 (citation omitted). *See also Nelson v. Com*, 1997 WL 793060, 2 (E.D. Pa. 1997)(appellate review of conviction provides plaintiff an adequate remedy under state law). *See also J&M Mobile Homes, Inc. v. Hampton*, 347 Ark. 126, 60 S.W.3d 481 (2001)(discussing when a writ of prohibition is appropriate).

Finally, § 1983 cannot be used to attack the validity of a sentence. Rather, habeas corpus is the exclusive federal remedy to challenge a conviction or sentence. *Heck v. Humphrey,* 512 U.S. 477, 481, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994); *Preiser v. Rodriguez*, 411 U.S. 475,

AO72A
(Rev. 8/82)

93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973).

## **CONCLUSION**

I therefore recommend the case be dismissed on the grounds the claims are frivolous or are asserted against individuals immune from suit. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)(IFP action, or any portion thereof, may be dismissed on such grounds at any time).

**Scott has ten days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  Scott is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 13th day of September 2006.

/s/ Beverly Stites Jones
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)